BLD-118                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2698
_____

THOMAS ROBINSON; WILLIAM HULL,
Appellants

WILLIAM HULL,
Dismissed Pursuant to Clerk Order dated 12/03/20

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
SECRETARY JOHN E. WETZEL; SMART COMMUNICATION,
sued in their Private and Official Capacities
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-01689)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 11, 2021
Before:  AMBRO, SHWARTZ and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 19, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1

PER CURIAM

Thomas Robinson[1] appeals from the order of the United States District Court for the Eastern District of Pennsylvania granting the defendants' motions to dismiss and dismissing his case. We will affirm the judgment of the District Court.

Robinson is a Pennsylvania inmate housed at the State Correctional Institution-Phoenix. In April 2019, he filed his federal complaint against the Pennsylvania Department of Corrections ("DOC"), Corrections Secretary John Wetzel, and Smart Communications, a contractor partnered with the DOC to implement changes to how prison mail is processed. Under the mail policy, incoming inmate mail is sent to the Smart Communications facility, where it is scanned and converted into digital documents. Those digital documents are emailed to the prison, where they are printed and given to the inmates. Robinson alleged that the policy allowed for interception, inspection, storage, or destruction of the mail; and that the policy was implemented regardless of content. He also alleged that only incoming court mail was treated as privileged, and that attorney-client mail was being handled in a manner that violated attorney-client confidentiality. Robinson challenged the mail policy pursuant to 42 U.S.C. § 1981, § 1982, § 1983, § 1985, and § 1986. He also alleged that prison officials retaliated against him by subjecting him to false misconduct charges for filing his lawsuit, that the search and seizure of mail violated his rights under the Fourth

---

[1] William Hull was a co-plaintiff and co-appellant. On December 3, 2020, the Clerk dismissed Hull's appeal for failure to timely prosecute. For simplicity, we refer to Robinson as the sole plaintiff and appellant.

Amendment, and that the constitutional violations constitute cruel and unusual punishment under the Eighth Amendment and equal protection violations under the Fourteenth Amendment.

On May 13, 2019, the District Court granted Robinson's motion to proceed in forma pauperis and screened the complaint for possible dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  The District Court found no plausible suggestion that §§ 1981, 1982, 1985, or 1986 were implicated in the complaint and dismissed those claims;[2] the District Court similarly found no allegations on which to base cruel and unusual punishment claims or equal protection claims.  Moreover, concerning Robinson's § 1983 claims of constitutional violations, the District Court ruled that Robinson failed to state a claim against the DOC, or against DOC Secretary Wetzel in his official capacity, because states and state officials sued in official capacities are not "persons" capable of being sued for civil rights violations under § 1983.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that while state officials literally are persons, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983").  The District Court also explained that the Eleventh Amendment bars claims for damages against the DOC and Wetzel in his official capacity, see Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990), and that Pennsylvania retains Eleventh Amendment

---

[2] The District Court explained that Robinson did not allege race discrimination (§§ 1981 and 1982); interference with federal officials' duties (§ 1985(1)); conspiracy to obstruct justice and to intimidate litigants and witnesses (§ 1985(2)); or conspiracy motivated by race- or class-based animus (§ 1985(3)).  The District Court also noted that a § 1986 claim was dependent on a § 1985 violation.

sovereign immunity from suit in federal court, see 42 Pa. Cons. Stat. Ann. § 8521(b). Further, the District Court dismissed Robinson's retaliation claim because Robinson's constitutionally-protected act of filing this lawsuit in April 2019 could not have been a "motivating factor" for the earlier filing of false misconducts against Robinson in December 2018. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).[3] The District Court's dismissal of these claims was without leave to amend because amendment would be futile. Robinson filed a notice of appeal, which was docketed at C.A. No. 19-2334. On October 10, 2019, we dismissed the appeal for lack of appellate jurisdiction.

Meanwhile, the District Court allowed Robinson's remaining First Amendment and Fourth Amendment claims for injunctive relief and punitive damages to proceed against Wetzel and Smart Communications. The defendants filed motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Robinson filed responses and a motion for sanctions against Smart Communications for failing to provide discovery. On July 15, 2020, the District Court granted the motions to dismiss. The District Court concluded that Robinson's claim for injunctive relief concerning legal mail had become moot,[4] and that his Fourth Amendment search and seizure claim concerning non-privileged mail was without merit. Finding that amendment of the claims would be

---

[3] The District Court also noted that Robinson alleged no personal involvement by Wetzel in issuing the misconducts.

[4] In support of his motion to dismiss, defendant Wetzel cited Hayes, et al. v. Wetzel, et al., M.D. Pa. Civ. No. 18-cv-02100, in support of its statement that the policy for handling privileged legal mail was changed because of litigation and settlement.

futile, the District Court dismissed the complaint with prejudice. In addition, the District Court denied Robinson's motion for sanctions.

Robinson appeals. We have jurisdiction under 28 U.S.C. § 1291. Because Robinson has been granted leave to proceed forma pauperis status under § 1915 on appeal, we review the appeal for possible dismissal under § 1915(e)(2)(B). We may summarily affirm under Third Circuit L.A.R. 27.4 and I.O.P. 10.6 if no substantial question is presented.

Robinson's notice of appeal specifies only the District Court's July 15, 2020 order granting the defendants' motions to dismiss. See Fed. R. App. P. 3(c)(1). We may exercise appellate jurisdiction over the prior order dismissing several of his claims under § 1915(e)(2), where his intent to appeal can be "fairly inferred" from his earlier appeal that was dismissed. See Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 184 (3d Cir. 2010). In any event, we would affirm the District Court's § 1915(e)(2) dismissal order for the reasons summarized above.

We turn to the District Court's final order dismissing Robinson's case. We exercise plenary review over the grant of a motion to dismiss under Rule 12(b)(6). See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012).

The District Court dismissed as moot Robinson's claims for injunctive relief regarding the treatment of privileged legal mail. We agree with that disposition. When considering a Rule 12(b)(6) motion, a district court generally may consider only the complaint's allegations, exhibits attached to the complaint, and matters of public record. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). It readily appears that the DOC has changed its procedures for handling privileged legal mail, and the prior policy requiring legal mail to be sent and processed by Smart Communications is no longer in effect. See, e.g., Brock v Corr. Emergency Response Team, No. 18-3814, 2020 WL668271, at *5 and n.5 (E.D. Pa. Feb. 10, 2020) (taking judicial notice of DOC policy regarding privileged mail as of April 6, 2019).

As for Robinson's claim that the application of the DOC mail policy to non-privileged mail amounts to a Fourth Amendment search and seizure violation, the District Court correctly determined that Robinson's claim is without merit. As an incarcerated individual, he has no reasonable expectation of privacy to trigger Fourth Amendment protections here. See Hudson v. Palmer, 468 U.S. 517, 526, 529-30 (1984) (holding that a prisoner has no reasonable expectation of privacy in his cell, which would include his personal effects). Smart Communications asserted in support of its motion to dismiss that it is not a state actor for purposes of § 1983 liability. Regardless, even if it were a state actor, implementation of the mail policy does not amount to a Fourth Amendment violation.

Finally, the District Court denied Robinson's motion for sanctions against Smart Communications, noting that discovery had been stayed pending the outcome of the

6

motions to dismiss.  We review the District Court's decision regarding imposition of sanctions for discovery violations for abuse of discretion.  See Grider v. Keystone Health Plan Cent., Inc., 580 F.3d 119, 134 (3d Cir. 2009).  We discern no such abuse of discretion here.

For the above reasons, we agree with the District Court's dismissal of Robinson's complaint and its determination that amendment would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  We will summarily affirm the District Court's judgment.